Anton A. Ewing (not an attorney)
3077 B Clairmont Drive, #372
San Diego, CA 92117
619-719-9640 (do not telemarket)
Email: anton@antonewing.com

Plaintiff pro se



# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Ewing, | Case No.: 22CV0919-BAS-WVG |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS** |
| IZHAK HALBANI, an individual, | |
| ALL CREDIT FUNDING, LLC, A FLORIDA LIMITED LIABILITY COMPANY | **DATE: OCTOBER 3, 2022** |
| | **NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE** |
| Defendants | |

Plaintiff Anton A. Ewing hereby files this Response in opposition to Defendant Izhak Halbani's motion to dismiss the First Amended Complaint pursuant to FRCP 12(b)(2)- (personal jurisdiction), filed as ECF No. 14 on 9/2/2022 and set for hearing on 10/3/2022. Attorney Kaminski has filed multiple Rule 12(b) motions in this matter even though he represents both defendants, Halbani and his 100% owned LLC. There was no need to peace-mail the Court in

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 1

22cv919

this manner. As shown in the response to the other Rule 12(b) motion, attorney Kaminski is no stranger to being sanctioned by a federal judge for his unprofessional acts and arguments[1] during litigation. In another telephone case, the Honorable District Judge Breyer in *Diaz vs. Collecto, Inc*, 15-cv-04833 (Northern District of California), held that David Kaminski:

> "Indeed, the Court already held that the motion for judgment on the pleadings was frivolous: "I found your motion to be absolutely frivolous. . . . the logic makes no sense at all. . . . I find it inappropriate, it's wrong as a matter of law, and certainly I don't understand it as a matter of strategy. . . . I do really find that it's a frivolous motion, absolutely frivolous. . . And furthermore, I don't know how this case will play out, but certainly if it does involve attorneys' fees, I find that the fees spent by plaintiff's counsel in defense of this, though I haven't seen the amounts, would certainly be appropriate. So I think you are in the process of escalating a dispute that will lead to monetary costs for your clients." See Tr. of 5/6/2016 (dkt. 35) at 6"

Even a three-judge panel from the 9th Circuit upheld the ruling[2]. The opposing side on appeal did not even file a brief or show up for oral argument and Kaminski was still sanctioned. A motion to sanction Kaminski for this most recent filing (ECF No. 15) in this case is filed contemporaneous with the Response to that

---

[1] https://www.ca9.uscourts.gov/media/video/?20180613/17-15402/
[2] Kaminski even requested *en banc* review and not one single judge voted in favor.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 2

22cv919

motion.

Defendant Halbani's motion is defective, reckless, deceitful and frivolous for the following reasons:

1. In addition to calls via his employees, Izhak Halbani personally called Plaintiff himself, while Plaintiff was present in California, to sell his scam loans to Plaintiff. That in and of itself is sufficient purposeful, willful, knowing, and intentional availment and contact, by Halbani, with California to warrant and establish personal jurisdiction over him[3]. The rest of this Response is truly not even needed since Halbani personally made several of the calls at issue. This is well-settled law. The FAC says that Halbani called personally himself and that is what a trial court, sitting in federal question jurisdiction, must follow. Halbani's false and perjured declaration to the contrary is totally and completely irrelevant (except to the FBI who should arrest him, again, for it). Only the jury can, and must, decide if Halbani is or is not telling the truth, at trial. He will be able to testify from

---

[3] Kaminski knows full well that the FAC expressly states that Halbani personally called Plaintiff. It is reckless and frivolous for Kaminski to contest personal jurisdiction over Defendant Halbani at the Rule 12(b) stage by arguing in the manner that he has done so here.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 3

22cv919

his prison cell where he will be serving his 20 year minimum[4] sentence for illegal telemarketing in Michigan. The Court is requested to take judicial notice of ECF No. 16 at PageID.51 filed on 10/31/2014[5] in 14-cr-20599 SJM, *USA vs. Halbani, et al*, Eastern District of Michigan which states: "From December 2009 through March 2014, the telemarketing scheme sold over 2,000 properties totaling over $20 million to over 290 victims from 46 states and Canada." The odds of the 4 missing states including California as a state that Halbani steered clear of, are astronomically small[6]. According the FBI, California was one of the 46 states. Halbani has not provided any evidence to the contrary[7].

2. The Court should take judicial notice of ECF No. 98, PageID.457, lines 9-10, in 14-cr-20599-SJM filed on 2/17/2015 wherein Halbani stated under

---

[4] The USSG guideline range, at ECF No. 16, PageID.78 filed in 10/31/2014 is 235-293 months. The total offense level is 38.

[5] Halbani's pleas agreement under oath. *See also* ECF No. 98, filed 2/17/2015 in 14-cr-20559

[6] California has 40 million residents while Texas has only 30 million, Florida 22 million and New York 19 million, all other states have less. https://worldpopulationreview.com/states https://www.census.gov/quickfacts/geo/chart/CA/POP010220

[7] In fact, in Halbani's declaration at ECF No. 15, strangely he confesses "I was present at All Credit Funding's offices when the call occurred, and was within earshot of the sales agent." This statement shows that Halbani is being deceitful about never making calls. He works in the boiler-room of telemarketers, so close that he is within earshot. *See also* Halbani's guilty plea colloquy, under oath, with Judge Murphy admitting to making calls personally. By testifying here, Halbani has now waived his 5th Amended privilege.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 4

22cv919

oath to a Federal District Judge that "we lied about the resale of the property." Additionally, while under oath, Halbani confessed at PageID.458: "Mr. Halbani, did you make an agreement with other people that you worked with in this telemarketing operation to make misrepresentations to people that **you were contacting on the phone**?" Defendant Halbani: "**That is correct**."

3. As shown above, Halbani confessed that "**you**  were contacting" which means that he, Halbani, was contacting people, just like he contacted Plaintiff. Halbani has either committed perjury to Judge Murphy or he has committed perjury to Judge Bashant at ECF No. 14-2 filed on 9/2/2022 at PageID.196. Additionally, as shown below and in the Response to the second motion to dismiss, Halbani's two declarations at ECF Nos. 14 and 15 are also totally inconsistent.

4. At Defendant Halbani's footnote "1" he tries to engage in the art of obfuscation and gamesmanship by, falsely, making it sound as though Plaintiff must have been confused when stating that Halbani initiated the calls. Plaintiff was not confused. Plaintiff heard Halbani on the phone.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 5

22cv919

Halbani is lying to the Court in his declaration[8], which itself is not relevant as this juncture.

5. Halbani is the sole owner of the new Defendant LLC named All Credit Funding, LLC. The illegal and criminal manner in which Halbani is solely running said entity makes him the alter ego of said LLC. No person can set up an entity to commit his crimes and expect to be shielded from personal responsibility and personal liability. That would be like using a corporation to rob a bank and then claiming that the corporation should go to jail and not the robber himself. That is absurd. Section 501 of Title 47 clearly sets forth that telemarketing is a criminal act. The FAC makes this very clear. Halbani cannot say that he is not his LLC while the act he is complaining of is a criminal act. LLC's do not shield a criminal, engaging in criminal activity, from minimum contacts[9]. Moreover, Halbani has not adduced or submitted any cognizable or reliable, non-hearsay, evidence that proves that Halbani's LLC and only Halbani's LLC, through its employees (sales

---

[8] The Court should note that under the US criminal sentencing guidelines, Halbani is going to prison for a minimum of 20 years based on the harm that he has caused. Halbani literally has nothing to lose by making false assertions of fact while under oath in this matter. Also the declaration does not assert the location it was signed and thus it is invalid under federal law.

[9] Plaintiff respectfully submits, that if this is not the law in the 9th Circuit, then it should be and hereby moves for a good faith modification, extension or reversal of existing law.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 6

22cv919

agents), strictly and solely made the calls, while Halbani sat quietly in his office, apparently "within earshot."

6. A legal entity, such as a limited liability company, used in an unlawful, criminal and illegal manner cannot shield or divorce its sole owner, Member, Manager, shareholder and Director, from personal responsibility, liability and minimum contacts. *United States v. Hugh Chalmers Chevrolet-Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir.1986) (holding that "a corporation may be responsible when two or more high ranking or authoritative agents engage in a criminal conspiracy on its behalf"); *United States v. Peters*, 732 F.2d 1004, 1007-08 (1st Cir.1984) (upholding the convictions of two corporate officers convicted of criminal conspiracy under 18 U.S.C. § 371 because, despite the fact that the defendants were performing actions they were authorized to perform and were doing so with an intent to benefit the corporation, "the corporate veil does not shield them from criminal liability"). See also *United States v. Wise*, 370 U.S. 405, 417, 82 S. Ct. 1354, 8 L. Ed. 2d 590 (1962) (Harlan, J. concurring) (agreeing with the majority that an individual corporate officer is subject to prosecution under Section 1 of the Sherman Act because "the fiction of corporate entity, operative to protect officers from contract liability, had

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 7

22cv919

never been applied as a shield against criminal prosecutions...."). *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1039 (11th Cir. 2000)

7. Halbani is also the sole **Manager**[10] of All Credit Funding, LLC. No other person is in charge of the company. Halbani personally gives all the orders, commands, instructions and forces his employees to engage in criminal telemarketing activities, similar to what he confessed to under oath in his plea before the Honorable District Judge Murphy. Halbani admitted this while under oath.

8. Halbani, who is currently out of custody on bond, has plead guilty to felonious telemarketing crimes and is awaiting sentencing by the Honorable District Judge Murphy. *See* 14-CR-20599-SJM (Michigan).

9. In ECF No. 10-1, PageID.122, filed 8/15/2022 at paragraph 9, Mr. Casuso declares that "[Ewing] responded 'yes' to the text massage. In ECF No. 15-2, PageID.211, filed 9/9/2022 at paragraph 6, Defendant Halbani declared that Ewing "responded to the text message by stating '50k.' Either Mr. Casuso or Mr. Halbani is committing felony perjury here. Defendant

---

[10] The position of "Manager" in an LLC is the same as the Chairman of the Board of Directors in a Corporation. Halbani is also the CEO, Vice President, Secretary, and Treasurer.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 8

22cv919

Halbani cannot seem to keep his under oath stories straight and Kaminski is suborning perjury, in violation of PC §127, as he has been put on express written notice of the false statements. Kaminski has failed to respond to Plaintiff and has done nothing to correct the record.

10. FAC paragraph 49 states that Halbani himself sent illegal spam text messages to Plaintiff.

11. FAC paragraphs 62 states that Halbani himself personally recorded the telephone calls to Plaintiff.

12. Halbani has confessed that he personally owns the phone numbers used to robocall Plaintiff. He did not say that his LLC owns the phone numbers that he used. Huge difference. Halbani is using his personal property, the phone number lists, to contact California residents, just like he confessed to in his plea ("46 states"). Halbani's attorney, Mr. Cohen in Florida, admitted and confirmed that the phone number are personally owned by Halbani and not his LLC.

13. By filing a responsive pleading to the Preliminary Injunction Motion filed by Plaintiff, Halbani has consented to personal jurisdiction. *See* ECF No. 10. In order to contest personal jurisdiction, Halbani must only, strictly and solely file an FRCP 12(b)(2) motion. If he otherwise litigates and

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 9

22cv919

defends in this action, which he just did at ECF No. 10, then he waived personal jurisdiction and consents to the power of the Court over him. FRCP 12(h)(1) sets forth that "a party waives any defense listed in Rule 12(b)(2)-(5) by" filing a Response (ECF No. 10 filed on 8/15/2022) in opposition to Plaintiff's motion for preliminary injunction. *See* ECF No. 8 filed on 8/1/2022. "It is well-established that even if a defendant raises the defense of personal jurisdiction in its first motion or responsive pleading, such a defense can be waived by a defendant's conduct before the court." *TDBBS LLC v. Ethical Prods.*, No. CV-19-01312-PHX-SMB, 2019 U.S. Dist. LEXIS 43423, at *7 (D. Ariz. Mar. 18, 2019). Halbani also admitted that he vacations in California, recently, with his family.

14. The Honorable District Judge Bashant ruled in 2014 "[as] an initial matter, '[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.' *Benny*, 799 F.2d at 492. "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Royal & Sun All. Ins. PLC v. Castor Transp., LLC*, No. 13-cv-01811-BAS(DHB), 2014 U.S. Dist. LEXIS 159901, at *5 (S.D. Cal.

Nov. 13, 2014)

15. Unlike subject matter jurisdiction, "[t]he personal jurisdiction requirement recognizes and protects an individual liberty interest" that "can, like other such rights, be waived," by a person or entity who "submits to the power of the court by appearance." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Federal courts, therefore, are not required to assure themselves of their power to exercise personal jurisdiction over an appearing defendant that has not (timely) raised the issue of personal jurisdiction. *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1076 (9th Cir. 2006) ("Because a party can waive personal jurisdiction, we are not required to consider it *sua sponte*."). This proposition is baked into Rule 12(b)(2), which calls on the party to assert a personal jurisdiction challenge early in the litigation, and Rule 12(h), which "is unequivocal that waiver follows" from the failure to promptly assert a personal jurisdiction defense. *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 166 (S.D. Cal. 2019)

16. All well-plead facts in the FAC must be taken as true at the motion to dismiss stage. "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 11

22cv919

must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotations and citations omitted). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id. Wright v. Old Gringo, Inc.*, No. 17-cv-1996-BAS-MSB, 2019 U.S. Dist. LEXIS 98054, at *4 (S.D. Cal. June 11, 2019). See also *Platypus Wear, Inc. v. Bad Boy Eur. Ltd.*, No. 16-cv-02751-BAS-DHB, 2018 U.S. Dist. LEXIS 131013 (S.D. Cal. Aug. 2, 2018). Halbani's self-serving declaration (by a telemarketing felon) cannot be considered or admitted into evidence at this stage of the pleadings. Halbani also failed to ask the Court to take judicial notice of anything. That was a critical and legal failure that he cannot now recover from.

17. The FAC states:

    a. "Defendant Halbani, who plead guilty under oath before the Honorable Judge Murphy (14CR20599-SJM) to a felonious telemarketing scam, can in fact file a declaration in this matter asserting that he never personally called Plaintiff, but that would be just another felony by Halbani. His perjured declaration is irrelevant at the motion to dismiss stage and his 12(b)(2) motion is frivolous, devoid of merit and founded upon a false assertion. This Court has personal jurisdiction over Halbani because he directed his own activity into California, knowingly, with intention and with full knowledge that he was taking advantage of the benefits and protections of California law."

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDER BY THE JUDGE - 12

22cv919

18. All Credit Funding is a dba personally owned by Halbani. It is a sole proprietorship. All Credit Funding, LLC is a limited liability company in Florida that is also, and additionally, solely owned and operated only be Halbani. Many courts have chosen to set aside a single member LLC for asset protection purposes. Historically the charging order rule only applied to partnerships. Halbani is not a partnership. All Credit Funding, LLC and All Credit Funding the fictitious business name or dba, are both the alter ego of Halbani.

19. The FAC states: "Plaintiff has been repeatedly called and texted by Defendant HALBANI ... without consent, permission or authority, all in direct violation of express commands by Plaintiff to stop, cease and desist...."

20. Izhak Halbani is also known as Izhak Cohen. Before the Court dismisses Halbani for lack of personal jurisdiction, Plaintiff should be allowed to depose Halbani, in Florida, to ask him limited questions about his *Cohen* contacts with California that he has conveniently omitted in his latest filing. Halbani also forgot to mention that many of his 290 victims in his telemarketing fraud case were California citizens. Plaintiff should be allowed to ask Halbani, under oath, why he told Judge Murphy that he

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 13

22cv919

personally made telemarketing calls and yet declares in this case that he does not.

21. The FAC states: "Defendant HALBANI is a merchant cash advance and usurious rate loan broker, selling his services throughout San Diego County."

22. On June 23, 2022, Halbani's attorney, Herbert Cohen called Plaintiff from 954-766-8820 and stated that he has reviewed this complaint with Mr. Halbani and that Halbani admitted that at least two of the numbers that are listed belong to Halbani.

23. The Court has personal jurisdiction over Halbani because he, himself personally, called Plaintiff in violation of the TCPA and he, himself, personally recorded the calls in violation of CIPA. *See attached Declaration of Anton Ewing incorporated by this reference as if fully set forth herein.*

Dated this 13th day of September, 2022.

/s/ Anton Ewing
Anton A. Ewing, Plaintiff

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDER BY THE JUDGE - 14

22cv919

# Cases

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) .................................................................. 8

*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1039 (11th Cir. 2000) ........ 5

*McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 166 (S.D. Cal. 2019) ......... 9

*Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1076 (9th Cir. 2006) ........ 8

*Royal & Sun All. Ins. PLC v. Castor Transp., LLC,* No. 13-cv-01811-BAS(DHB), 2014 U.S. Dist. LEXIS 159901, at *5 (S.D. Cal. Nov. 13, 2014) ........................... 8

*TDBBS LLC v. Ethical Prods.*, No. CV-19-01312-PHX-SMB, 2019 U.S. Dist. LEXIS 43423, at *7 (D. Ariz. Mar. 18, 2019) ........................................................ 7

*United States v. Hugh Chalmers Chevrolet-Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir.1986) ................................................................................................................... 5

*United States v. Peters*, 732 F.2d 1004, 1007-08 (1st Cir.1984) .............................. 5

*United States v. Wise*, 370 U.S. 405, 417, 82 S. Ct. 1354, 8 L. Ed. 2d 590 (1962) .. 5

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 15

22cv919

## PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have filed this Response in Opposition to Defendant Halbani's Motion to Dismiss and had it served on Defendants as follows:

3: 22-cv-0919 BAS WVG **Notice has been mailed to:**

and by US Mail, postage pre-paid, first class to:

David J. Kaminski, Esq.
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, CA  90045

All CM/ECF registered users were served by the court's filing system via email to the address each has input to said system.

I swear under penalty of perjury that the above was served as stated.

Dated: September 13, 2022

/S/ Anton Ewing
Anton Ewing

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HALBANI'S MOTION TO DISMISS DATE: OCTOBER 3, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 16

22cv919