# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                       Plaintiff,<br><br>  v.<br><br>IZHAK HALBANI; ALL CREDIT FUNDING, LLC,<br><br>                      Defendants. | Case No. 22-cv-00919-BAS-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 8)** |

Pending before the Court is Plaintiff's motion for a preliminary injunction against Defendant Izhak Halbani. (ECF No. 8.) For the following reasons, the Court **DENIES** Plaintiff's motion.

**I.   BACKGROUND**

On June 23, 2022, Plaintiff Anton Ewing filed this action against Defendant Izhak Halbani alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, California's Consumer Information Privacy Act, Cal. Penal Code § 632.7, 637.2, and California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(22)(A). (ECF No. 1.) Plaintiff alleges that just over one month later, on July 28, 2022, he received a phone call from Defendant's business in violation of the TCPA. (ECF No. 8.) Plaintiff then filed this motion for a preliminary injunction. (*Id.*)

## II. ANALYSIS

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Failure to establish a likelihood of irreparable harm sinks a movant's request for pretrial injunctive relief. *See Oakland Tribune, Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) (opining "[u]nder any formulation of the test, plaintiff must demonstrate that there exists a threat of irreparable injury" and concluding that without such a showing a court need not reach the other *Winter* Test factors). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. . . . [A] plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

In this case, Plaintiff fails to carry his burden. Even if Plaintiff could establish that the potential harm is irreparable, he has not demonstrated immediate threatened injury absent a preliminary injunction. Plaintiff alleges only one contact after filing his Complaint: a phone call on July 28, 2022. (ECF No. 8, at 4.) Defendant admits to the "regrettable oversight" and claims to have taken additional steps including retraining

employees on scrubbing internal call lists. (ECF No. 10, at 1.) Plaintiff has not alleged any subsequent calls.[1]

Plaintiff relies on *Meyer v. Portfolio Recovery Associates, LLC*, in which the Ninth Circuit affirmed a preliminary injunction based on TCPA claims. 707 F.3d 1036, 1045 (2012). But there, the defendant neither "acknowledge[d] the wrongful nature of its conduct" nor made "any assurance" that it would stop contacting non-named members of the class action. *Id.* at 1045. By contrast, in this case, Defendant admits to its "oversight" and claims to have taken measures to prevent future contacts. (ECF No. 10, at 1.) Given Defendant's assurances and the singular post-filing contact, Plaintiff fails to persuade the Court of an "immediate threatened injury." *See Caribbean Marine Servs. Co.*, 844 F.2d at 674. Thus, Plaintiff has not established a likelihood of irreparable harm.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a preliminary injunction (ECF No. 8).

**IT IS SO ORDERED.**

DATED: September 27, 2022

Hon. Cynthia Bashant
United States District Judge

---

[1] In his Reply, Plaintiff generally alleges that Defendant continued to send solicitations after being "put on notice." (ECF No. 11, at 2.) But Plaintiff specifically alleges only a LinkedIn message on May 3, 2022, which predates the commencement of this action. (*Id.*)