Anton A. Ewing (not an attorney)
3077 B Clairmont Drive, #372
San Diego, CA 92117
619-719-9640 (do not telemarket)

FILED

OCT 1 3 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          *cl*          DEPUTY

Plaintiff pro se

# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| Anton A. Ewing, | Case No.: 22CV0919-BAS-WVG |
|---|---|
| Plaintiff, | **NOTICE OF MOTION** |
| vs. | |
| IZHAK HALBANI, an individual, | **SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927** |
| ALL CREDIT FUNDING, LLC, A FLORIDA LIMITED LIABILITY COMPANY | **DATE: NOVEMBER 14, 2022** |
| Defendants | **NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE** |

TO the Honorable District Judge Bashant, attorneys of record and all parties:

**PLEASE TAKE NOTICE** that Plaintiff will and hereby does move this

honorable Court to an order to show cause on November 14, 2022. The Motion

will be based on this notice, the attached memorandum of points and authorities,

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 1

22cv919

exhibits, declarations in support thereof, requests for judicial notice, and any oral

argument the Court may wish to hear.

Dated this 10th day of October, 2022.

/s/ Anton Ewing
Anton A. Ewing, Plaintiff

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 2

22cv919

Anton A. Ewing (not an attorney)
3077 B Clairmont Drive, #372
San Diego, CA 92117
619-719-9640 (do not telemarket)


Plaintiff pro se

# UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| Anton A. Ewing, | Case No.: 22CV0919-BAS-WVG |
|---|---|
| Plaintiff, | |
| vs. | **SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927** |
| IZHAK HALBANI, an individual, | |
| ALL CREDIT FUNDING, LLC, A FLORIDA LIMITED LIABILITY COMPANY | **DATE: NOVEMBER 14, 2022** |
| Defendants | **NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE** |

May it please the Court:

1. Plaintiff Anton A. Ewing, hereby moves the Court to enter an order
   commanding attorney David J. Kaminski to show cause why he should not
   be sanctioned under 28 USC §1927 for his reckless, frivolous, vexatious,
   and harassing Reply at ECF No. 22 that is based upon entirely meritless
   facts, unsupported by the law and a blatant disregard for common sense.

2. Common sense dictates that when a telemarketer calls you for the first time,

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 3

22cv919

he has never communicated with you prior to dialing your phone number, and thus consent, invite or feigning of interest is chronologically impossible.  The Court is requested to take judicial notice of the fact that a victim of telemarketing cannot feign interest prior to dialing that victim's phone number **THE VERY FIRST TIME**.

3.   In addition, Kaminski believes that All Credit Funding, LLC can purchase a phone list and assert that that is an invitation to call and text solicitations. There is no case and no statute that supports that illogical conclusion.  Said fallacious concept also does not pass the straight-face test and hence it is reckless and frivolous.

4.  Kaminski has been the attorney of record on 1,321 federal cases in his legal career.  Not once has he ever argued that a plaintiff has ever "feigned interest" as a reason to dismiss a case for lack of injury.  This is a new and novel argument even for a gentleman that has argued 1,321 cases[1].

5.  In ECF No. 22, at PageID.296, Kaminski states: Plaintiff "expressly invited the telephone calls upon which his complaint is based by affirmatively sending a text message to ACF stating he was interested in "50k".  But

---

[1] Based on pacer.gov search for attorney David Kaminski.

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 4

22cv919

Kaminski intentionally evades the very real fact that Defendants had to have sent the first text in order for Plaintiff to have **responded**.  That first text was a violation of the TCPA.  Defendant texted the *egg* and Plaintiff replied with a *chicken*.   Arguing about chickens is silly.

6. This "$50k" argument is sanctionable conduct by Kaminski because he is required to be both candid under B&P §6068(d) and not deceitful to a judge under B&P §6128, the violation of both statutes give rise to sanctions under 28 USC §1927.  Firstly, Kaminski's statement is reckless and frivolous because he fails to acknowledge, disclose and concede that there were in fact many prior text messages, none of which were sent with permission, feigning of any sort, invite or consent of Plaintiff.  There was concrete injury and Article III standing based solely upon the illegal spam text solicitation messages.  But that is not all.  On Friday, May 20, 2022, at 9:13 AM, from 929-502-3374, Halbani personally sent Plaintiff a text message that reads:

   a. "Hi, Anthony, My name is Raquel with ACF Capital.  We are currently introducing several NEW funding programs. -$250,000 Revolving Line Of Credit. – 3/5 Year Term Loans, Up to $750,000.  Would you be interested?"

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 5

22cv919

7.  Plaintiff did not respond to the May 20, 2022 text message.  The May 20, 2022 text message was not sent with permission or consent.  It was an illegal and harassing text message that constitutes concrete injury. Kaminski failed to disclose this to the Court.

8. On May 31, 2022 at 7:40AM[2] from 786-865-9227, Halbani sent the following spam text message to Plaintiff that reads:

    a.  "It's Tahjee with All Credit Funding. I'm following up with you because we have not received a completed application for your business financing needs.  Here is a link to our 1-page application: https://allcreditfundingllc.com/loan-application./"

9. Plaintiff responded to this text message and did not click on the link. Kaminski failed to disclose this to the Court.  Here is what Plaintiff texted back:

    a.  *"Your boss is under indictment.  He plead guilty.  He is awaiting sentencing.   He is working as a snitch currently."*

10. On May 24, 2022 at 10:19 AM, Halbani sent the following spam text

---

[2] Calling or texting prior to 8:00AM is another violation of the TCPA and the FCC rules that creates liability and thus concrete injury.

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 6

22cv919

message without permission, invite or consent from 786-865-9227:

    **a.** *"Good afternoon Tony. This is Tahjee with All Credit Funding. I just called and couldn't get through to you. Following up with you about the $46,000 you were looking for for the high definition camera you needed for the business. I haven't received your application yet. Can you send that over now so we can work on getting this approval for you by tomorrow?"*

**11.** Plaintiff did not respond to this text message. Kaminski failed to disclose this to the Court. This text also shows that Defendants called previously. Those are additional violations. There is much to be discovered in the discovery phase of this lawsuit.

**12.** On April 7, 2022 at 12:41 PM, Halbani sent the following spam solicitation text message to Plaintiff from 754-201-7832:

    **a.** *"Good afternoon this is Eric with all credit funding we spoke yest about getting you some capital to purchase that camper."*

**13.** Plaintiff did not respond to this text message. Kaminski failed to disclose this to the Court. Kaminski should be sanction for not disclosing this.

**14.** On Thursday April 7, 2022 at 12:42, Halbani sent the following text message to Plaintiff from 754-201-7832:

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 7

22cv919

    **a.** *"I jus funded a guy that needed some equipment for his business and mentioned your file to the same investor he is very eager to have a look at your docs."*

**15.** Plaintiff did not respond to this text message.  Kaminski failed to disclose this to the Court.

**16.**  On April 7, 2022 at 12:59 PM, from 754-201-7832, Halbani sent the following text message to Plaintiff:

    **a.**  *"Try seeing if it came from an izhak halbani"*

**17.** Kaminski failed to disclose this to the Court.  On June 23, 2022, Plaintiff replied to the texts from 754-201-7832 stating: "you have just been sued in federal court."

**18.** On April 2, 2022 at 11:25 AM from 855-741-2103, Halbani sent a spam solicitation text message that stated:

    **a.**  *"Jen: here from ACF, Hope the name still rings a bell! I have some advance options for your business.  How much could you use right now? Txt STOP to OptOut."*

**19.** On April 2, 2022 at 2:24PM, Halbani sent another text message from 855-741-2103 that read:

    a.  *"Jen: here from ACF, Hope the name still rings a bell! I have some*

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 8

22cv919

advance options for your business.  How much could you use right now? Txt STOP to OptOut."

20. Kaminski says that Plaintiff "feigned interest" and yet provides no caselaw to back up this goofy concept of *"feigned interest" negating injury.*  The only caselaw on feigning interest that is on point is exactly the opposite holdings.  For example: TCPA plaintiff Perrong *"stayed on the phone for 30 minutes and feigned interest in insurance products in order to gather information about the companies he should sue."  Andrew Perrong v. Golden Rule Ins. Co., Am. Select Partners, LLC*, No. 1:19-cv-01940-TWP-DML, 2020 U.S. Dist. LEXIS 266807, at *4 (S.D. Ind. Mar. 17, 2020)  This case, as shown by the docket, was fiercely litigated.  Perrong's case was not dismissed because he "feigned interest" in order to find out the identity of the defendant.  Moreover, "*During at least one of the calls from [Donisi Jax], Mr. Moser feigned interest to determine the true identity of the caller and relationship of the Defendants*."  *Moser v. Health Ins. Innovations, Inc.*, No. 17-cv-1127-WQH-KSC, 2019 U.S. Dist. LEXIS 132790, at *5 (S.D. Cal. Aug. 2, 2019).  The Honorable Judge Houston certified the class action and did not dismiss the case even though Moser "feigned interest."  Additionally, "[t]o find out who was calling, in one of the calls on April 14,

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 9

22cv919

Anthony "feigned interest" in order to identify the caller and enforce his rights under the TCPA." *Anthony v. F.S.B.*, No. 1:21-CV-02509, 2022 U.S. Dist. LEXIS 58998, at *4-5 (N.D. Ill. Mar. 30, 2022). Anthony's case was not dismissed because he "feigned interest." Kaminski failed to disclose this case to the Court.

21. "In cases such as this, it is necessary to feign interest in the telemarketer's script to ascertain their true identity and what product or services they are selling. Otherwise, the callers are impossible to identify and hold accountable for their telemarketing actions." *Perrong v. Total Ins.*, No. 8:20-cv-1905-JSM-TGW, 2021 U.S. Dist. LEXIS 138123, at *8 (M.D. Fla. Apr. 2, 2021) Kaminski failed to disclosed this caselaw that is directly on point. This type of litigation tactic is sanctionable conduct. *See* LR 2.1 and B&P §6068(d). Kaminski's argument that Plaintiff "feigned interest" with a "$50k" text message from someone that only stated "ACF here" is truly absurd. Kaminski's reckless conduct needs to be punished by the Court.

22. "Whether the telemarketers in this case found themselves calling not a hapless consumer, but rather someone prepared to feign interest in their product to remove the mask of anonymity behind disembodied robocalls, has no bearing on whether he, and other members of the putative class,

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 10

22cv919

received illegal calls for which Defendants are liable. *See Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1194-95 (M.D. Tenn. 2017); *Charvat*, 630 F.3d at 461 ("Phillip Charvat has not been shy in taking on the role of a private attorney general under the [TCPA]."). This Court finds that Plaintiff's conduct, which served to identify the Defendants, has no relevance toward a determination to strike the class claims." *Spurlark v. Dimension Serv. Corp.*, No. 2:21-cv-3803, 2022 U.S. Dist. LEXIS 120468, at *20 (S.D. Ohio July 7, 2022*). See also Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, 2019 U.S. Dist. LEXIS 139601 (S.D. Ohio Aug. 19, 2019) and *Sapan v. Sunrise Mgmt.*, No. SACV 15-0823 AG (JPRx), 2016 U.S. Dist. LEXIS 56879 (C.D. Cal. Apr. 25, 2016). Kaminski failed to disclose any of these cases to the Court.

23. "Plaintiff feigned interest in the services being advanced in order to ascertain the identity of the caller." *Shelton v. Target Advance LLC*, No. 18-2070, 2019 U.S. Dist. LEXIS 64713, at *4 (E.D. Pa. Apr. 16, 2019). Kaminski failed to disclose this case to the Court. That failure constitutes deceit upon the Court in violation of B&P §6128. Kaminski also appears to be utterly confused about how telemarketing works because he thinks that telemarketers follow the Telemarketing Sales Rule and immediately

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 11

22cv919

disclose exactly who they are at the beginning of the call. Every adult American has received a telemarketing call and every American knows that no telemarketer discloses who they are at the beginning of the sales call. Kaminski's position is sophomoric at best and blatant ignorance in reality. The argument is a total sham. It is shocking to see an attorney at law make such outrageous and frivolous arguments. Defendants failed to disclose who they were. **But for** Plaintiff's texting "$50k" back to Defendant Halbani, Plaintiff would have no idea who was harassing him with spam text messages over and over.

24. "Nor has Momentum provided any evidence of its loss or injury as a result of Atkinson's feigned interest in its products, which is fatal to all three of its counterclaims." *Tracy Atkinson, Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-00178-OLG, 2022 U.S. Dist. LEXIS 158629, at *30 (W.D. Tex. Sep. 1, 2022). Kaminski failed to disclose this case to the Court. That failure constitutes deceit upon the Court in violation of B&P §6128.

25. "Roylance feigned interest, and received a pitch for ADT services. He continued to feign interest, and eventually "Sean" from "Elite Security" called to set up purchase and installation of the system. *Roylance v. ADT Sec. Servs.*, No. C 08-1101 JF (RS), 2008 U.S. Dist. LEXIS 120135, at *2-3

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 12

22cv919

(N.D. Cal. May 22, 2008).  Again, Kaminski failed to disclose this case to the Court.

26. "Defendants note that Plaintiff is subject to a defense of consent and attacks regarding his overall credibility as a witness and class representative because he consented to a live call from CTU and feigned interest in educational programs in order to receive these calls." *Fitzhenry v. Career Educ. Corp.*, No. 14-cv-10172, 2016 U.S. Dist. LEXIS 26244, at *16 (N.D. Ill. Mar. 1, 2016).  Kaminski failed to disclose this case to the Court.

27. "Plaintiff alleges that on one of these two occasions she feigned interest in the services being promoted and was transferred to a second individual who indicated that he or she worked for defendant and provided plaintiff with defendant's telephone number and street address." *Delgado v. Emortgage Funding LLC*, Civil Action No. 21-CV-11401, 2022 U.S. Dist. LEXIS 13780, at *2 (E.D. Mich. Jan. 25, 2022).  Kaminski failed to disclose this case to the Court.

28. Kaminski, as an officer of the court, had a duty and obligation to disclose all if this this caselaw to the Court.  His willful failure to do so and his blatant assertion of a contrary frivolous argument, unaccompanied with a clear request for a goodfaith modification or reversal of existing law, is

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 13

22cv919

grounds for sanctions.  *See* Civ. Local Rule 2.1(a)(2)(b). Plaintiff moves the Court to disbar Kaminski for his repeated conduct.

29. "Hirsch learned to feign interest to elicit the caller's company." "Standing must be decided before moving to the certification issue because, "if the class representative lacks standing, then there is no Article III suit to begin with—class certification or otherwise." *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020). Defendants argue that Hirsch lacks standing because he did not suffer any injury. The typical injury in a TCPA case is the nuisance from the unwanted call. But Hirsch flipped the telephone solicitations into an opportunity to make money. Therefore, the calls did not harm Hirsch; they helped him—or so the argument goes.

The Court is not persuaded. Defendants rely on a single, non-binding authority that is distinguishable. *See Leyse v. Bank of Am., Nat'l Ass'n*, No. CV-11-7128, 2020 U.S. Dist. LEXIS 44234, 2020 WL 1227410 (D.N.J. Mar. 13, 2020). In *Leyse*, the plaintiff worked as an investigator for a lawyer preparing TCPA claims, placed over twenty calls to the defendant, was paid for his time on the calls, and never asked to be placed on the defendant's IDNC list. 2020 U.S. Dist. LEXIS 44234, [WL] at *1-2. Under these facts, the District Court of New Jersey held that the plaintiff "welcomed such calls in his role as paid investigator . . . ." 2020 U.S. Dist. LEXIS 44234, [WL] at *4. But here, Hirsch was not compensated for his time on the calls, never called Defendants or their Agents back, and asked to be placed on both the NDNC and IDNC lists. And even if Hirsch may justifiably be called a "professional TCPA plaintiff," this designation does not strip away his Article III standing. *See e.g. Cunningham v. Rapid Resp. Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1194-96 (M.D. Tenn. 2017). Thus, Hirsch has standing.  *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 126-27 (N.D. Tex. 2020).

Kaminski failed to disclose this case to the Court.

30. Kaminski states PageID.296, lines 19-21, that "the additional facts that Mr.

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 14

22cv919

Ewing raises in his opposition, even if true, do not foreclose a finding that he lacks standing." This statement by Kaminski is also reckless and vexatious. Plaintiff respectfully directs the Court to Plaintiff's declaration at ECF No. 17 which sets forth in detail that Plaintiff never gave consent to either Defendant to send the first text or make the first call. That absolutely forecloses a finding that Plaintiff lacks standing under 9th Circuit precedent. For Kaminski to even make this argument, in a pleading he signed under Rule 11, shocks the conscience. Kaminski is intentionally ignoring the fact that the very first call and the very first spam text were not and could not possibly have been made with "feigned interest" because, until that first call and that first text were received, Plaintiff had never spoken with or interacted with Defendants in any manner or in any forum.

**31.** It is physically impossible for Plaintiff to have communicated with Defendants prior to Defendants **initiating**[3] TCPA violating contact with

---

[3] Kaminski appears to be operating under the misunderstanding that Plaintiff somehow feigned interest to his client prior to his client ever engaging in any contact with Plaintiff. That is a physical impossibility and an absurd position for Kaminski to take. Further, Kaminski belligerently ignores the multiple threats that Plaintiff made to his client about suing them and directing Defendants, explicitly, to stop calling. Kaminski's failure to comprehend the absolute absurdity

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927 DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 15

22cv919

Plaintiff.  Why Kaminski chooses to ignore this very obvious fact is of grave concern.

32.  Plaintiff expressly told Halbani to stop calling Plaintiff repeatedly, both on the phone, in emails, through social media and to his criminal defense lawyer (Mr Cohen).  How Kaminski obfuscates around this is mind boggling.

33.  Plaintiff sent Halbani an email to his account on Linkedin.com expressly telling him to stop calling Plaintiff and he responded with additional solicitations for his scam loans.  Plaintiff's email was sent on May 3, 2022 and it stated: ""47 USC §227 I am confused as to why you keep having your telemarketers call me. **I told you to stop in April** and now I am going to sue you. You screwed up."

34. Plaintiff told attorney Cohen[4] on the phone to tell his client to stop calling.

35. Kaminski was expressly informed, in writing by Plaintiff, that Halbani was told in April to stop calling and on May 3, 2022, through

---

of his frivolous arguments is his own fault.  Kaminski should forfeit his law license.

[4] Attorney Cohen has not provided any declaration that contradicts Plaintiff's assertions.

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 16

22cv919

www.Linkedin.com, Halbani was sent the following message:

> "47 USC 227
> I am confused as to why you keep having your telemarketers
> call me.
> I told you to stop in April and now I am going to sue you.
> You screwed up."

36. On May 3, 2022, Plaintiff sent Defendant Halbani's attorney, Mr. Cohen,

the following email:

> From: SD Drone Videos <sddronevideos@gmail.com>
> Date: Tue, May 3, 2022 at 12:08 PM
> Subject: Fwd: Per Our Conversation... [All Credit Funding]
> To: <hcohen@herbcohenlaw.com>
>
> Your client Izhak Halbani is acting very strange.  He is
> engaging in a wire fraud telemarketing scam with All Credit
> Funding, LLC.
>
> **I have told him to stop harassing me with telemarketing
> calls and texts.  He will not stop.**  That is a violation of 47
> USC §501.  Not smart for someone about to be sentenced.

37. On May 3, 2022, Plaintiff sent Halbani the following email:

> From: SD Drone Videos <sddronevideos@gmail.com>
> Date: Tue, May 3, 2022 at 1:50 PM
> Subject: Re: Per Our Conversation... [All Credit Funding]
> To: Jonathan Avila <Jon@allcreditfundingllc.com>,
> <info@allcreditfundingllc.com>
>
> Julie Grewe, Probation Officer
> Tim Hoff, FBI case agent
>
> ring any bells Mr. Halbani?

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 17

22cv919

Stop telemarketing my phone.  Stop harassing me.

38. It is not hard to believe that Kaminski would actually engage in such

conduct as shown above, because in another telephone case, the Honorable

District Judge Breyer in *Diaz vs. Collecto, Inc*, 15-cv-04833 (Northern

District of California), held that David Kaminski and his firm:

"Indeed, the Court already held that the motion for judgment on the pleadings was frivolous: **"I found your motion to be absolutely frivolous. . . . the logic makes no sense at all. . . .** I find it inappropriate, it's **wrong as a matter of law**, and certainly I don't understand it as a matter of strategy. . . . I do really find that it's a **frivolous motion, absolutely frivolous. . .** And furthermore, I don't know how this case will play out, but certainly if it does involve attorneys' fees, I find that the fees spent by plaintiff's counsel in defense of this, though I haven't seen the amounts, would certainly be appropriate. So I think you are in the process of escalating a dispute that will lead to monetary costs for your clients." See Tr. of 5/6/2016 (dkt. 35) at 6" (*emphasis added*).[5]

39.  At PageID.297, lines 7-10, Kaminski states: "*Mr. Ewing relies on this*

*misunderstanding as the basis for his misplaced perception that the*

*opposition fails to identify instances where he alleges that [sic] failed to*

*provide consent, revoked it, or made a do-not-call request. However, ACF*

*makes no such argument.*" Even though Kaminski states this in his Reply,

---

[5] See also 4:19-MC-02285, Southern District of Texas

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 18

22cv919

presumably to justify his illogical and reckless argument in his motion or to soften the blow of impending sanctions, Kaminski did in fact make the following statement in his Motion at PageID.202: *"based on Mr. Ewing's invitation and inquiry, All Credit Funding's sales agents made additional calls to Mr. Ewing, wherein again expressed interest in All Credit Funding, inviting further such calls…"* and *"Mr. Ewing specifically caused and invited the telephone calls…"*

40.  The most disturbing part of Kaminski's motion is when he actually made the following argument: *"'Mr. Ewing responded to the email by stating "[n]ow I am going to sue you for illegal telemarketing" and "[l]et me know if you want to settle prior to filing," but he did not ask to be placed on a do-not-call list or to not be contacted."* Kaminski needs to be ordered to personally appear before the Court and explain why he should not be immediately disbarred for making this statement in a pleading signed under Rule 11.   Kaminski's argument makes a mockery of the judicial system.

41.  Based on the above arguments, Plaintiff respectfully moves the Court to enter an order to show cause giving Mr. Kaminski notice and an opportunity to be heard as to why he should not be sanctioned under 28

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 19

22cv919

USC §1927 for repeated frivolous, reckless, and vexatious conduct as an

attorney at law.

    Dated this 10th day of October, 2022.

                           /s/ Anton Ewing

                         Anton A. Ewing, Plaintiff

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 20

22cv919

# Cases

*Andrew Perrong v. Golden Rule Ins. Co., Am. Select Partners, LLC*, No. 1:19-cv-
01940-TWP-DML, 2020 U.S. Dist. LEXIS 266807, at \*4 (S.D. Ind. Mar. 17,
2020) .................................................................................................................... 9

*Anthony v. F.S.B.*, No. 1:21-CV-02509, 2022 U.S. Dist. LEXIS 58998, at \*4-5
(N.D. Ill. Mar. 30, 2022) ..................................................................................... 10

*Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, 2019 U.S. Dist. LEXIS 139601
(S.D. Ohio Aug. 19, 2019) ................................................................................... 11

*Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1194-95
(M.D. Tenn. 2017) ............................................................................................... 11

*Delgado v. Emortgage Funding LLC*, Civil Action No. 21-CV-11401, 2022 U.S.
Dist. LEXIS 13780, at \*2 (E.D. Mich. Jan. 25, 2022) ......................................... 13

*Diaz vs. Collecto, Inc*, 15-cv-04833 (Northern District of California) .................... 19

*Fitzhenry v. Career Educ. Corp.*, No. 14-cv-10172, 2016 U.S. Dist. LEXIS 26244,
at \*16 (N.D. Ill. Mar. 1, 2016) ............................................................................. 13

*Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 126-27 (N.D. Tex. 2020) .... 15

*Moser v. Health Ins. Innovations, Inc.*, No. 17-cv-1127-WQH-KSC, 2019 U.S.
Dist. LEXIS 132790, at \*5 (S.D. Cal. Aug. 2, 2019) ........................................... 9

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 21

22cv919

*Perrong v. Total Ins.*, No. 8:20-cv-1905-JSM-TGW, 2021 U.S. Dist. LEXIS

    138123, at *8 (M.D. Fla. Apr. 2, 2021)................................................... 10

*Roylance v. ADT Sec. Servs.*, No. C 08-1101 JF (RS), 2008 U.S. Dist. LEXIS

    120135, at *2-3 (N.D. Cal. May 22, 2008) ........................................... 13

*Sapan v. Sunrise Mgmt.*, No. SACV 15-0823 AG (JPRx), 2016 U.S. Dist. LEXIS

    56879 (C.D. Cal. Apr. 25, 2016) ........................................................ 11

*Shelton v. Target Advance LLC*, No. 18-2070, 2019 U.S. Dist. LEXIS 64713, at *4

    (E.D. Pa. Apr. 16, 2019). ................................................................. 11

*Spurlark v. Dimension Serv. Corp.*, No. 2:21-cv-3803, 2022 U.S. Dist. LEXIS

    120468, at *20 (S.D. Ohio July 7, 2022)............................................. 11

*Tracy Atkinson, Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-00178-OLG,

    2022 U.S. Dist. LEXIS 158629, at *30 (W.D. Tex. Sep. 1, 2022) ................. 13

*Tracy Atkinson, Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-00178-OLG,

    2022 U.S. Dist. LEXIS 158629, at *30 (W.D. Tex. Sep. 1, 2022). ................. 12

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 22

22cv919

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have filed this Plaintiff's Second Motion for Sanctions Against Attorney Kaminski and had it served on Defendants as follows:

3: 22-cv-0919 BAS WVG **Notice has been mailed to:**

and by US Mail, postage pre-paid, first class to:

David J. Kaminski, Esq.
CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, CA  90045

All CM/ECF registered users were served by the court's filing system via email to the address each has input to said system.

I swear under penalty of perjury that the above was served as stated.

Dated: October 10, 2022

/S/ *Anton Ewing*
Anton Ewing

SECOND MOTION FOR SANCTIONS AGAINST ATTORNEY KAMINSKI PURSUANT TO 28 USC §1927
DATE: NOVEMBER 14, 2022 NO ORAL ARGUMENT UNLESS ORDERD BY THE JUDGE - 23

22cv919